In the Matter of the Claim of WALTER GRAY, Respondent, against DAILY NEWS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from an award of the Workmen's Compensation Board granting disability compensation to claimant. The sole contention of appellants is that claimant's injuries did not arise out of and in the course of his employment because claimant had abandoned his employment and had not returned to it at the time of the accident. Claimant was employed as a uniformed guard stationed on the sidewalk to guard the area around an outside door. His hours were from midnight to 8:00 A. M. On the morning of February 13, 1949, he left his post and entered a restaurant across the street, where he was discovered about five minutes later by the sergeant of the guards. The sergeant, claimant's immediate superior, ordered him to return to the employer's building, to change his clothes and to report later to the office. As the sergeant was escorting claimant back to the employer's building an altercation occurred, and as claimant was about to open the door which was his place of duty, the sergeant struck him on the head with claimant's night stick, inflicting injuries which required claimant's hospitalization. It was against the rules promulgated by the employer for a guard to leave his post, although there was testimony that guards had gone across the street before to the knowledge of their superiors. The board has found upon adequate evidence that claimant was not the aggressor, but was assaulted by a fellow employee. The assault stemmed from a quarrel relating to the employer's business. If claimant had deviated from his employment, it is clear that he had returned to his employment, and at the time of the accident was engaged in carrying out specific instructions of his superior relating to the employment. Award unanimously affirmed, with one bill of costs to be divided equally between the Workmen's Compensation Board and claimant. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.